IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERNEST BRADLEY, ) | |
| ) | Civil Action No. 07-949 |
| Petitioner, ) | |
| ) | |
| v. ) | Chief District Judge Donetta W. Ambrose |
| ) | |
| COMMONWEALTH OF ) | |
| PENNSYLVANIA, ) | |
| ) | |
| Respondents. ) | |

## ORDER

On July 10, 2007, the above captioned case was initiated by the filing of a Motion for Leave to Proceed In Forma Pauperis accompanied by a Petition for Writ of Habeas Corpus (doc. no. 1) and was referred to United States Magistrate Judge Lisa Pupo Lenihan for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

The Magistrate Judge's Report and Recommendation (doc. no. 13), filed on September 24, 2007, recommended that the Petition for Writ of Habeas Corpus summarily be dismissed as untimely in accordance with the Rules Governing Habeas Corpus Cases Under Section 2254 Cases and that a certificate of appealability be denied. Petitioner filed Objections on October 2, 2007 (doc. no. 14) wherein he asserts that the time that his state petition for writ of habeas corpus was pending in the Supreme Court of Pennsylvania from December, 2006 until March 13, 2007 should toll the federal limitations period provided in 28 U.S.C. § 2244. Petitioner's objection is without merit for two reasons. First, 28 U.S.C. 2244(d)(2) only tolls the limitation period for properly filed applications for state post-conviction collateral review. It is well settled that under

Pennsylvania law, the PCRA provides the sole means for obtaining collateral relief for a criminal conviction and subsumes the remedy of habeas corpus with respect to remedies offered under PCRA. *See* 42 Pa.C.S. § 9542. To this end, persons convicted of a crime in Pennsylvania are permitted one review of their collateral claims and such review is provided for under the PCRA. 42 Pa.C.S. § 9543. It follows then that Petitioner's state petition for a writ of habeas corpus is not a "properly filed" application for collateral review under 28 U.S.C. § 2244(d) and, therefore, can not toll the limitations period. Second, by his own admission, Petitioner filed his state petition for habeas corpus relief in November of 2006, long after his one-year limitations period had expired on January 26, 2006. Consequently, his Objection is overruled.

After review of the pleadings in this case, together with the Report and Recommendation, and the Objections thereto, the following order is entered:

**AND NOW**, this ___ day of October, 2007;

**IT IS HEREBY ORDERED** that the Petition for Writ of habeas Corpus filed at the above captioned action is **DISMISSED** as untimely.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (doc. no. 13) of Magistrate Judge Lenihan, September 24, 2007, is adopted as the opinion of the court.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

Donetta W. Ambrose
United States District Judge, Chief

cc: Lisa Pupo Lenihan
United States Magistrate Judge

Ernest Howard Bradley
FG-2092
SCI Albion
10745 Route 18
Albion, PA 16475